IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MATTHEW FRYE, JR.,**

  **Plaintiff,**

                 Civil Action No. 3:14cv106
                 (Judge Groh)

**CHIEF JUDGE SOLOMON OLIVER, JR.,**

  **Defendant.**

## REPORT AND RECOMMENDATION

On September 26, 2014, the *pro se* plaintiff, an inmate incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio filed a civil rights complaint[1] against the above-named defendant. In the complaint, the plaintiff asserts that the defendant, a federal district judge in the Northern District of Ohio, violated his constitutional rights by failing to rule in his favor on two cases he filed in that district.

Pursuant to 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." In this case, the plaintiff is incarcerated in Ohio, all of the events giving rise to the plaintiff's cause of action occurred in the Northern District of Ohio, and the plaintiff has not alleged any connection between the defendant and this judicial district. Thus, venue is not appropriate in this Court.[2]

---

[1] The plaintiff's complaint states that it arises under 42 U.S.C. §1983, but because the plaintiff is a federal prisoner alleging a deprivation of a federally protected right done or caused by "a federal agent acting under color of his authority," his complaint arises under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971).

[2] Moreover, even if venue were appropriate, this case is would likely be dismissed anyway, because the plaintiff, who has not paid the filing fee along with the filing of his complaint, has already accumulated eight qualifying strikes under the Three Strikes rule, 28 U.S.C. 1915(g), and is listed in the National Pro Se Three-Strikes Database: Frye v. McGrew, 5:14cv152 (C.D. Cal. Feb.

1

Accordingly, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned recommends that this matter be **TRANSFERRED** to the United States District Court for the Northern District of Ohio for all further proceedings, and that any motions pending at the time of transfer be carried with the case for consideration by the transferee Court.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by October 13, 2014**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: September 29, 2014

           /s/ James E. Seibert_____
          JAMES E. SEIBERT
          UNITED STATES MAGISTRATE JUDGE

---

2, 2014); Frye v. Mental Health Dep't., 5:14cv278 (C.D. Cal. Feb. 25, 2014); Frye v. P.A. Wolverton, 5:14cv291 (C.D. Cal. Mar. 11, 2014); Frye v. SHU Lt. Williams, 5:14cv541 (C.D. Cal. Mar. 28, 2014); Frye v. BOP Staff, 5:14cv664 (C.D. Cal. Apr. 17, 2014); Frye v. McGrew, Warden, 5:14cv663 (C.D. Cal. Apr. 17, 2014); Frye v. United States Gov't., 2:14cv4513 (C.D. Cal. June 22, 2014); AND Frye v. Shuckra, 1:14cv309 (C.D. Cal. July 7, 2014).